JOHN P. NUNNELLY *v.* B. C. ZACHARY, ET AL.

**Bills and Notes—Dishonor—Suit by Last Indorser Against the Drawer and the Indorser Who Preceded Him on the Bill—Sufficiency of Petition.**
   A petition which fails to allege that the drawer and indorser were notified of the protest is bad on demurrer.

**New Trial—Newly Discovered Evidence—Due Diligence.**
   The appellant stated in his affidavit in support of his motion for a new trial that since the trial, he had discovered evidence that the defendants had notice of the protest of the bill in due time, that he did not know of this evidence and could not have discovered it before the trial. Held, that while appellant states he used due diligence to discover the evidence, the facts show no diligence whatever was used by him, and his motion for a new trial should have been overruled.

APPEAL FROM PULASKI CIRCUIT COURT.

January 19, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This case was twice tried in the court below. On the first trial a special judge was selected by agreement of the parties, and the law and facts submitted to him, after hearing the evidence he rendered a judgment for appellees. Appellant then moved for a new trial on two grounds. *First,* because the court erred in rendering judgment for the defendants. *Second,* because since the trial he has discovered testimony material to the issue which he could not procure by reasonable diligence. On these grounds a new trial was awarded to appellant, which was objected to by appellees, and a history of that trial is incorporated in a bill of exceptions, and forms a part of the record. In the new trial a special judge was again selected by the parties, the judge of the circuit having declined to sit, and the issue of fact made by the pleadings submitted to a jury. In that trial appellant was unsuccessful and he has appealed to this court.

The action was brought by appellant the last indorser of a bill of exchange for $2500 drawn by B. C. Zachary on A. S. Gilmore payable to the order of C. W. Richardson at the Bank of New

Orleans five months after date, accepted by Gilmore and endorsed by said Richardson, C. A. Zachary and appellant. And thus endorsed sold to the Farmers Bank, or rather to its branch at Somerset. The bill was protested for non-payment, and this action was brought by appellant against the drawer and the indorser who preceded him on the bill to recover from them the amount which he alleges he had been compelled to pay on said bill.

In his original petition he alleges the bill was regularly protested but fails to allege that the drawer and indorsers were notified of the protest, and went to trial without such allegation.

In support of his motion for a new trial he offered his own affidavit, and that of E. Milton. In his own he states that since the trial he had discovered that he can prove by C. Milton that he delivered to each of the defendants notice of the protest of said bill of exchange in due time, that he did not know when he went into the trial, or during its progress that he could prove the facts by Milton or any one else; that he had used due diligence to discover that evidence, but failed to do it till after the trial, and Milton in his affidavit states that he has no doubt he delivered notices of the dishonor of the bill to the parties thereto, as he was the cashier of the bank, and it was his habit to notify parties in such cases.

But it appears that Mr. Milton was examined as a witness on that trial by appellant, and he was not asked as to that point, and it does not appear that he was ever applied to before the trial by appellant, or any one for him to know what he would prove on that subject. So that while appellant states he used due diligence to discover the evidence the facts show no diligence whatever was used by him. And that ground for a new trial totally failed. Nor was there any reason for a new trial made out otherwise.

The motion therefore should have been overruled and as the second trial resulted favorable for appellees, and they were entitled to a judgment on the first trial, even if an error was committed on the second trial to the prejudice of appellant he is not entitled to a reversal because a judgment against him in the same action had been improperly set aside.

Wherefore the judgment is *affirmed.*

*Scott, for appellant.*
*James, for appellee.*